IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL MARCHALK,** : | CIVIL ACTION NO. 1:23-CV-493 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **SUPERINTENDENT MCGINLEY,** : | |
| : | |
| Respondent : | |

### MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. Petitioner, Michael Marchalk, challenges his 2018 conviction in the Schuylkill County Court of Common Pleas for third-degree murder, theft by unlawful taking, access device fraud, and possession of an instrument of crime. We will deny the petition for writ of habeas corpus with prejudice.

**I.      Factual Background & Procedural History**

Marchalk's criminal charges were based on the killing of his father, Gary Marchalk. The state courts of Pennsylvania have succinctly summarized the relevant facts. Marchalk, who at the time was struggling with an addiction to heroin, met with his father at his father's place of employment on a Friday to ask for help starting a rehab program. Commonwealth v. Marchalk, No. CR-1407-2017, 2016 WL 11799116, at *1 (Schuylkill Cnty. Ct. Com. Pl. Apr. 26, 2016). The two arranged for Marchalk to begin rehab on the following Monday. Id. Marchalk accepted his father's invitation to stay with him for the intervening three nights. Id.

On Sunday afternoon, the day before he was to begin rehab, Marchalk began experiencing symptoms of withdrawal from heroin. Id. Marchalk asked his father for money so that he could purchase heroin or suboxone. Id. Marchalk's father became angry and asked him to leave the home but gave him the money he had in his wallet, which was approximately $39. Id. Marchalk was unable to obtain heroin or suboxone, but he instead purchased and consumed crack cocaine with the money his father had given him. Id. Marchalk subsequently returned to his father's home. Id. Marchalk's father initially told him to leave but then let him in. Id. After they talked briefly, Marchalk's father told him to go to bed and went up to his own room to do the same. Id.

Shortly after this conversation, Marchalk went to his father's bedroom where his father was lying on his bed with a baseball bat next to him. Id. at *2. Marchalk's father again told him to go to bed, but Marchalk stated that he could not sleep. Id. Marchalk's father then abruptly swung the bat at Marchalk and Marchalk blocked it with his arm. Id. Marchalk grabbed an iron from a nearby ironing board and threw it towards his father. Id. The iron did not hit him. Id. Marchalk's father then fell back on his bed, and Marchalk charged at him. Id. Marchalk's father tried to hit Marchalk with the bat again, but Marchalk took it away from him. Id. Marchalk then struck his father with the bat five or six times and killed him. Id.

Marchalk took his father's wallet and car keys and fled the home in his father's car. Id. He was arrested in Atlantic City, New Jersey, a few days later and charged with first-, second-, and third-degree murder, theft by unlawful taking, access device fraud, and possession of an instrument of crime. Commonwealth v.

2

Marchalk, No. 149 MDA 2019, 2019 WL 6318155, at *1 (Pa. Super. Ct. Nov. 25, 2019). After a jury trial, Marchalk was acquitted of first- and second-degree murder but convicted on all other counts.  Id.  The court of common pleas sentenced him to twenty-four and a half to forty-nine years of imprisonment.  Id.

Marchalk appealed to the Pennsylvania Superior Court, arguing that the court of common pleas erred by failing to give an adequate jury instruction on the heat of passion defense.  Id.  Specifically, he argued that the court was required to instruct the jury that it must consider heat of passion evidence at the outset of its deliberations instead of after it had reached a conclusion on the murder charges.  Id. at *1-2.  The court of common pleas issued an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925 concluding that the appeal should be denied, and the superior court affirmed based on the court of common pleas' reasoning.  Id.  Marchalk did not appeal to the Pennsylvania Supreme Court.  (Doc. 1 at 2).

On November 17, 2020, Marchalk filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), in which he represented that he planned to advance several claims of ineffective assistance of trial counsel.  (Doc. 23-11).  On December 10, 2020, Attorney Adam Weaver was appointed to represent Marchalk in PCRA proceedings.  Commonwealth v. Marchalk, 290 A.3d 671, No. 136 MDA 2022, 2022 WL 17576395, at *1 (Pa. Super. Ct. Dec. 12, 2022).  On April 1, 2021, Attorney Weaver moved to withdraw as counsel

and filed a Turner/Finley no merit letter.[1]  (Doc. 23-12 at 3-5; Doc. 23-13).  On April 6, 2021, the court of common pleas issued a notice informing Marchalk of its intention to dismiss the PCRA petition without an evidentiary hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and granting Attorney Weaver's request to withdraw as counsel.  (Doc. 23-14).

Marchalk filed a response to the court's notice on April 29, 2021.  (Doc. 23-15).  The response asserted, *inter alia*, that Attorney Weaver provided ineffective assistance of counsel by failing to present several of his potential claims to the court.  (Id.)  The court appointed Attorney Jeffrey M. Markosky as new counsel.  (Doc. 23-16).  Markosky moved to withdraw as counsel and filed a Turner/Finley no merit letter on October 29, 2021.  (Docs. 23-17, 23-18).  The court of common pleas granted Markosky's motion to withdraw as counsel and again announced its intention to dismiss the petition without a hearing pursuant to Rule 907 on November 4, 2021.  (Doc. 23-19).  Marchalk filed a response on November 10, 2021, asserting that Attorney Markosky provided ineffective assistance of counsel and requesting either newly appointed counsel or leave to proceed *pro se*.  Marchalk, 2022 WL 17576395, at *1.  The court of common pleas then dismissed the PCRA petition on December 17, 2021.  Id.  Marchalk appealed the judgment *pro se*.  Id.

The court of common pleas addressed the appeal pursuant to Rule 1925 on March 26, 2022.  (Doc. 23-24).  The court concluded, *inter alia*, that Marchalk waived

---

[1] See generally Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. Ct. 1988).

4

his layered ineffective assistance of counsel claims asserting ineffective assistance by Attorneys Weaver and Markosky.  (Id. at 6-7).  The superior court affirmed the dismissal of the PCRA petition on December 12, 2022, agreeing with the court of common pleas that Marchalk waived his layered claims of ineffective assistance of counsel by Attorneys Weaver and Markosky and that Marchalk was otherwise not entitled to relief.  2022 WL 17576395, at *4-5.  Marchalk filed a petition for allowance of appeal to the Pennsylvania Supreme Court.  (Doc. 23-28).

Marchalk filed the instant case on March 21, 2023.  (Doc. 1).  He filed a motion to protectively stay the case pending his appeal to the Pennsylvania Supreme Court on the same date.  (Doc. 2).  The court granted the motion to stay on March 22, 2023, and administratively closed the case.  (Doc. 5).  On July 11, 2023, the Pennsylvania Supreme Court denied Marchalk's petition.  Commonwealth v. Marchalk, 301 A.3d 426 (Pa. 2023).  Marchalk notified this court of the Pennsylvania Supreme Court's decision via a brief filed on July 27, 2023.  (Doc. 8).  This court reopened the case, lifted the stay, and provided Marchalk notice and an opportunity to withdraw his petition pursuant to Mason v. Meyers, 208 F.3d 414, 417-18 (3d Cir. 2000), on July 28, 2023.  (Doc. 9).  Marchalk elected to have his petition ruled upon as filed on September 5, 2023.  (Doc. 10).  The court directed service on respondent on September 11, 2023.  (Doc. 11).  Respondent responded to the petition on April 15, 2024, after being granted several extensions of time.  (Doc. 25).  Marchalk filed a reply brief on May 1, 2024, making the petition ripe for review.  (Doc. 26).

5

**II.      Discussion**

Marchalk's petition asserts four claims for habeas corpus relief: (1) that trial counsel was ineffective because she prepared to defend the merits of the murder charges against Marchalk despite Marchalk "demand[ing] that counsel prepare only to present a heat of passion voluntary manslaughter defense"; (2) that trial counsel was ineffective because she failed to competently present a heat of passion defense; (3) that the trial court gave an inaccurate jury instruction on voluntary manslaughter; and (4) that trial counsel was ineffective in failing to object to the voluntary manslaughter jury instruction. (Doc. 1 at 5-9). Marchalk attempts[2] to assert two other claims in his July 27, 2023 brief: that counsel was ineffective for needlessly introducing Marchalk's prior bad acts as evidence at trial and failing to object to hearsay testimony. (Doc. 8 at 4, 33-35). Marchalk acknowledges that his claims are procedurally defaulted but argues that the procedural default should be excused because his PCRA counsel was ineffective in failing to present the claims. (Doc. 1 at 5-10; Doc. 8 at 32). Respondent contends that Marchalk's claims should be denied as procedurally defaulted. (Doc. 25).

At the outset, the court will deny relief on Marchalk's claim that the trial court gave an inaccurate jury instruction on voluntary manslaughter because it only alleges a violation of Pennsylvania law. Federal habeas corpus relief is not available for violations of state law. Jones v. Hendrix, 599 U.S. 465, 490 (2023) (citing Estelle

---

[2] Marchalk has neither sought nor obtained leave to amend his petition to include these claims.

v. McGuire, 502 U.S. 62, 67 (1991)). Our analysis proceeds to respondent's procedural default argument solely with respect to Marchalk's ineffective assistance of counsel claims.

Before seeking habeas corpus relief in federal court, a state prisoner must exhaust his remedies in state court. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 842.

Habeas corpus claims are procedurally defaulted when either (a) the claims have not been exhausted and no additional state remedies are available under state procedural rules or (b) the claims were presented in state court but were not addressed on their merits because an independent and adequate state procedural rule barred review on the merits. Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012).

Federal courts may not consider procedurally defaulted claims unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioners may establish a fundamental miscarriage of justice if they can make a credible showing of actual innocence. Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018).

Under Martinez v. Ryan, 566 U.S. 1, 9 (2012), ineffectiveness of PCRA counsel may excuse procedural default of a claim of ineffective assistance of trial counsel in some circumstances. To excuse procedural default under Martinez, a petitioner

7

must establish that his PCRA counsel was ineffective and that his underlying ineffective assistance of trial counsel claim "is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id. at 14.

Before ineffective assistance of PCRA counsel can excuse the procedural default of another claim, the ineffective assistance claim generally must be presented in state court as an independent claim in accordance with state procedural rules. Edwards v. Carpenter, 529 U.S. 446, 452 (2000). In other words, "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted" if it is not properly presented in state court. Id. at 453.[3] When a petitioner has "multiple opportunities to challenge an error" in state court, "each time he fails to do so is a procedural default" that "must be excused" before the merits of his underlying claim for habeas corpus relief can be considered on its merits in federal court. Richardson v. Superintendent Coal Township SCI, 905 F.3d 750, 759 (3d Cir. 2018).

The Pennsylvania Supreme Court significantly changed the procedural rules governing claims of ineffective assistance of PCRA counsel in Commonwealth v. Bradley, 261 A.3d 381 (Pa. 2021). Prior to Bradley, "the sole method by which a petitioner [could] challenge the ineffectiveness of his PCRA counsel [was] through the filing of a response to the PCRA court's Rule 907 dismissal notice." Id. at 386. Failure to advance a claim of ineffective assistance of PCRA counsel under Rule 907

---

[3] As respondent correctly notes, (Doc. 25 at 42 n.18), Edwards remains good law. Neither Martinez nor any other subsequent Supreme Court decision has overruled or abrogated this holding.

resulted in waiver of the claim.  Id. at 397.  In Bradley, the court concluded that this procedure was "functionally unsound," see id. at 398, and adopted a new rule, holding that a "PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal."  Id. at 401.  The court noted in dicta, however, that its holding did not necessarily apply in the "unique context" where PCRA counsel has filed a Turner/Finley no merit letter in the court of common pleas and that the Rule 907 procedure might still govern in that situation.  Id. at 401 n.16.

Regardless of whether his claims of PCRA counsel's ineffectiveness were governed by the Rule 907 procedure or the more flexible approach adopted in Bradley, Marchalk procedurally defaulted the claims.  In his response to the court of common pleas' first Rule 907 notice, Marchalk vaguely asserted that Attorney Weaver "did not raise the majority of issues" that he had concerns about and "refused to raise issues concerning improper instructions" given by the trial court. (Doc. 23-15 at 2).  In his concise statement of errors complained of on appeal filed pursuant to Pennsylvania Rule of Appellate Procedure 1925, Marchalk did not advance any claims of ineffective assistance by PCRA counsel.  (Doc. 23-23).  And in his subsequent brief to the superior court, Marchalk asserted that Attorneys Weaver and Markosky failed to investigate potential claims that Marchalk noted in phone conversations with the attorneys and failed to raise the underlying claims that Marchalk advanced in the remainder of his brief.  (Doc. 23-25 at 11).  Nowhere in his brief, however, did he identify the specific habeas claims that he advances in

9

the instant case—ineffective assistance of trial counsel in failing to adequately prepare or present a heat of passion defense and in failing to object to the trial court's jury instructions on manslaughter. (See generally Doc. 23-25).

Because Marchalk's filings in state court failed to advance his claims of layered ineffective assistance of counsel with any specificity, the superior court deemed the claims waived. Marchalk, 2022 WL 17576395, at *5. This is an independent and adequate state procedural conclusion to which this court must defer. Hence, we conclude that Marchalk has procedurally defaulted his claims of ineffective assistance of PCRA counsel. Because the ineffective assistance of PCRA counsel is the only basis Marchalk has advanced to excuse the procedural default of his claims in the instant case,[4] we conclude, in turn, that his claims for federal habeas corpus relief are procedurally defaulted. See Edwards, 529 U.S. at 452-53; Richardson, 905 F.3d at 759.

The two additional claims Marchalk attempts to advance in his July 27, 2024, brief—that counsel was ineffective for needlessly introducing Marchalk's prior bad acts as evidence at trial and failing to object to hearsay testimony—are procedurally defaulted for the same reasons. He did not assert these claims in state court, and he procedurally defaulted any claims of PCRA counsel's ineffectiveness that could have been advanced as an excuse for the procedural default.

---

[4] Marchalk has not advanced an actual innocence argument to excuse the procedural default of his claims, but even if he did this argument would clearly fail. Marchalk has repeatedly admitted in state court proceedings and proceedings before this court that he killed his father.

10

**III.    Conclusion**

We will deny the petition for writ of habeas corpus with prejudice.  A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further.  Buck v. Davis, 580 U.S. 100, 115 (2017) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    October 23, 2024